**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICARDO W. EDMONDS,

     Petitioner,                          Civil No. 2:18-CV-11691
                                             HONORABLE SEAN F. COX
v.                                    UNITED STATES DISTRICT JUDGE

RANDEE REWERTS,

     Respondent,

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

     Ricardo W. Edmonds, ("petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree home invasion, Mich. Comp. Laws, § 750.110a(2); aggravated stalking, Mich. Comp. Laws, § 750.411i; and being a fourth felony habitual offender, Mich. Comp. Laws, § 769.12. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

### I. Background

     Petitioner was convicted following a jury trial in the Oakland County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals's opinion, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See e.g. Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant and the victim dated for a year and a half before breaking up in May 2012. The day after their break up, the victim received numerous harassing phone calls from defendant requesting that she bring his belongings back. She brought defendant's things to his home and allowed defendant to use her cell phone. The two of them proceeded to argue, and defendant refused to give the cell phone back. The victim then went to her mother's home, which was a short distance away. But

1

defendant followed her, and when he arrived at the house, he destroyed the windows of a van parked outside and, a short time later, threw bricks through the home's front picture window. The victim went into hiding and eventually obtained a personal protection order on June 1, 2012.

Arthur Newby testified that his mother was the victim's neighbor and the victim would keep an eye on his mother; thus, the victim had his contact information. Newby further testified that on June 23, 2012, he received a call from an unknown male who was asking about the victim. The male asked Newby about the victim, and when Newby responded that he did not have any information about her, the male stated, "I guess I'll have to crack her skull when she gets home." Being concerned, Newby called the police, and the police performed a welfare check at the victim's home. After obtaining entry into the victim's home, they found that the house had been severely vandalized, including writing on the wall that was identified as being defendant's. The victim later arrived at the house and, after police left, defendant was found hiding in the bedroom. Police returned and apprehended defendant from the home.

*People v. Edmonds*, No. 318262, 2014 WL 7157625, at * 1 (Mich. Ct. App. Dec. 16, 2014).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 497 Mich. 1031, 863 N.W. 2d 311 (2015).

Petitioner filed a post-conviction motion for relief from judgment, which was denied.

*People v. Edmonds,* No. 12-242058-FH (Oakland Cty. Cir. Ct., Aug. 16, 2016). The Michigan appellate courts denied petitioner leave to appeal. *People v. Edmonds,* No. 336347 (Mich.Ct.App. May 12, 2017); *lv. den.* 501 Mich. 1059, 910 N.W. 2d 250 (2018). [1]

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner was prejudiced by multiple instances of ineffective assistance of trial counsel, and both the trial court and the Michigan courts erred in rejecting his claims to that effect without holding the evidentiary hearing which he requested.

II. The cumulative effect of the constitutional errors unconstitutionally prejudiced Petitioner Edmonds.

III. Petitioner was prejudiced by ineffective assistance of counsel on appeal.

---

[1] While petitioner's post-conviction appeal was pending in the Michigan Supreme Court, petitioner filed a petition for writ of habeas corpus, which was dismissed without prejudice because petitioner had yet to exhaust his claims with the state courts. *Edmonds v. Jackson*, No. 1:18-CV-28, 2018 WL 1007824 (W.D. Mich. Feb. 22, 2018).

IV. The sentencing court violated Petitioner's Sixth Amendment rights by sentencing him to a higher term based on facts not found by a jury beyond a reasonable doubt.

V. Petitioner's due process rights were violated where there was insufficient evidence to prove his guilt of home invasion.

VI. The multiple issues of prosecutorial misconduct deprived Petitioner Edmonds due process right of a fair trial.

VII. Counsel was ineffective for her failure to object and dismiss bias juror.

VIII. Petitioner was deprived of his right of due process, because the trial court authenticated a faulty PPO—that was never served upon Petitioner—without an evidentiary hearing.

IX. Petitioner was denied due process of law as a result of the trial court's broken promise to give a limiting instruction, and by the admission of "other acts" evidence that was irrelevant to the charge and unfairly prejudicial.

Petitioner in his reply brief agreed to withdraw his second and sixth claims. (ECF 10, Pg ID, 1034, 1038). A habeas petitioner can withdraw a claim from a habeas petition as long as he does so knowingly, voluntarily, and intelligently. *See Daniel v. Palmer,* 719 F. Supp. 2d 817, 828 (E.D. Mich. 2010); *rev'd on other grds sub nom Daniel v. Curtin,* 499 F. App'x 400 (6th Cir. 2012).

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

<blockquote>
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
</blockquote>

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III. Discussion

**A. Claims # # 1, 3, 7. The ineffective assistance of counsel claims.**

Petitioner in his first and seventh claims argues he was denied the effective assistance of trial counsel. Petitioner further argues that the state courts erred in denying his ineffective

assistance of trial counsel claims by failing to conduct an evidentiary hearing on his ineffective assistance of counsel claims pursuant to *People v. Ginther*, 390 Mich. 436, 443; 212 N.W. 2d 922 (1973) and M.C.R. 7.211(C)(1). In his related third claim, petitioner argues that appellate counsel was ineffective for failing to raise certain claims on appeal or for failing to provide affidavits in support of ineffective assistance of trial counsel claims when appellate counsel filed a motion to remand for a *Ginther* hearing. Appellate counsel had originally filed a motion to remand for a *Ginther* hearing but the Michigan Court of Appeals denied the motion, in part because appellate counsel conceded that the ineffective assistance of trial counsel claims could be determined from the trial record without an evidentiary hearing. *People v. Edmonds,* No. 318262 (Mich.Ct.App. June 13, 2014)(ECF 9-11, Pg Id 651).

Taking petitioner's evidentiary hearing claim first, the Court does not have the power to grant habeas relief on petitioner's claim that the Michigan Court of Appeals improperly denied his motion to remand for an evidentiary hearing pursuant to M.C.R. 7.211. There is no federal constitutional right to appeal a state court conviction. *Cleaver v. Bordenkircher*, 634 F. 2d 1010, 1011 (6th Cir. 1980). Where a habeas petitioner alleges a denial of his right to appeal a state criminal conviction, he is not entitled to federal habeas relief. *Tate v. Livesay*, 612 F. Supp. 412, 413 (M.D. Tenn. 1984). In addition, violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Whether the Michigan Court of Appeals erred in its application of M.C.R. 7.211 in denying petitioner's motion for an evidentiary hearing on his ineffective assistance of counsel claims is a question of state law that cannot be reviewed in a federal habeas petition. *See Hayes v. Prelesnik,* 193 F. App'x. 577, 584 (6th Cir. 2006). Moreover, there is no clearly established Supreme Court law which recognizes a constitutional right to a state

court evidentiary hearing to develop a claim of ineffective assistance of counsel on appeal. *Id.* at 585. Accordingly, petitioner would not be entitled to habeas relief on this portion of his claim.

To show that he or she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Petitioner first argues that trial counsel was ineffective for failing to call certain witnesses or present certain evidence that he claims would exculpate him.

When defense counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons, rather than through sheer neglect, and this presumption has particular force where an ineffective assistance of counsel claim is asserted by a federal habeas petitioner based solely on the trial record, where a reviewing court "may have no

way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive." *See Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)(quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)). Petitioner presented no evidence to the Michigan courts to rebut the presumption that trial counsel's decision to forego calling these witnesses or presenting this evidence was tactical.

Petitioner is also not entitled to relief on his claim because he failed to provide to the Michigan courts on either direct or collateral review (See ECF 9-9, 9-11, 9-12, 9-13, 9-14) or to this Court affidavits from any of his proposed witnesses concerning their proposed testimony and willingness to testify on the petitioner's behalf. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, cannot support a claim for habeas relief. *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998). Petitioner failed to present any evidence to the state courts in support of his ineffective assistance of counsel claim and is thus not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)). In failing to attach any offer of proof or any affidavits sworn by the proposed witnesses, petitioner offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether the witnesses would have testified and what the content of these witnesses' testimony would have been. Without such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551, 557 (6th Cir. 2007).

Moreover, the United States Supreme Court has held that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Therefore, *Cullen* would preclude the

Court from considering any new evidence that petitioner would even want to present at this point in support of this portion of his ineffective assistance of trial counsel claim under 28 U.S.C. §2254(d). *Cf. Campbell v. Bradshaw*, 674 F.3d 578, 590, n.3 (6th Cir. 2012)(declining to consider testimony taken in federal evidentiary hearing because it was not part of the state court record). Petitioner presented no evidence to rebut the presumption that counsel's decision to forego calling these witnesses or presenting this evidence was strategic or that the outcome of the trial would have been different had these witnesses been called or the evidence presented.

Petitioner next contends that trial counsel was ineffective for failing to request a limiting instruction concerning prior bad acts evidence that was admitted at petitioner's trial concerning the incident at the victim's mother's home, where petitioner destroyed the windows of a van parked outside the house and later threw a brick through the window of the mother's house. The judge had ruled that this prior incident could be admitted to prove the elements of the aggravated stalking charge but could not be used against petitioner with respect to the home invasion charge. The judge, however, never provided a limiting instruction to the jurors nor did counsel request one.

Trial counsel's decision not to request a limiting instruction may have been perfectly sound from a tactical standpoint, because "[S]uch instructions inevitably invite the jury's attention to matters the defendant normally prefers not to emphasize...". *See Ferguson v. Knight,* 809 F. 2d 1239, 1243 (6th Cir. 1987); s*ee also Ashe v. Jones,* 208 F. 3d 212 (Table); 2000 WL 263342, at *6 (6th Cir. Feb. 29, 2000)(unpublished opinion)(stating that counsel may have decided, as part of a reasonable trial strategy, not to request an instruction limiting the jury's consideration of the prior bad acts evidence based on the belief that such an instruction would bring undue attention to the other acts)*; Stamps v. Rees*, 834 F. 2d 1269, 1276 (6th Cir. 1987)(failure to request jury admonition concerning permissible use of evidence of prior convictions did not constitute ineffective

assistance "as it is quite evident that ... counsel simply wanted to get past the prior convictions as quickly as possible without bringing undue attention to them"). Petitioner failed to overcome the presumption that counsel's decision to forego requesting a cautionary instruction was a reasonable trial tactic to avoid giving undue attention to petitioner's prior bad acts.

Moreover, the Michigan Court of Appeals concluded that petitioner could not establish that he was prejudiced by counsel's failure to request a limiting instruction, in light of the compelling evidence against petitioner on the home invasion charge:

> We need not decide whether counsel's performance fell below an objective level of reasonableness because, even assuming arguendo that it did, defendant still cannot prevail because he has not established by a "reasonable probability" that counsel's error was outcome determinative. There was overwhelming evidence that defendant committed the crime of first-degree home invasion. The victim testified that defendant did not have permission to be in the house, [2] and defendant was found hiding in the victim's house after the police had been alerted that it had been severely vandalized. If a limiting instruction had been given for the other acts evidence, it would have had no effect on the jury's home invasion verdict.

*People v. Edmonds*, 2014 WL 7157625, at * 2.

In light of the overwhelming evidence of petitioner's guilt on the home invasion charge, the Michigan Court of Appeals reasonably concluded that petitioner was not prejudiced by counsel's failure to request a limiting instruction on the other acts evidence. *See Shafer v. Wilson,* 364 F. App'x. 940, 950 (6th Cir. 2010). Petitioner is not entitled to relief on this claim.

Petitioner next appears to argue that trial counsel was ineffective for failing to investigate his claim that he lived at the victim's house and therefore could not be guilty of home invasion. A defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant. *See Millender v. Adams,* 376 F. 3d 520, 527 (6th Cir. 2004)(internal quotation omitted). Petitioner presented no evidence to the state courts or this Court that he resided with the

---

[2] Plus, a personal protection order also prohibited defendant from entering the victim's premises. (Internal footnote original).

victim. The victim, in fact, testified that petitioner never lived in her house and did not have permission to be there at the time he was found hiding in her home. (Tr. 7/10/13, pp. 96-98). The evidence on the day of the incident does not establish that petitioner had permission to be in the home. The victim's neighbor testified that petitioner threatened to crack the victim's skull. The victim's house was severely vandalized by petitioner and petitioner was later found hiding in the house, actions inconsistent with someone who had permission to be at the home. This claim is without merit.

Petitioner next claims that his defense counsel was ineffective for failing to more effectively cross-examine the victim about the fact that she had given petitioner a key to the house, so as to establish that petitioner had a right to be at her home, in order to negate the home invasion charge. Petitioner's counsel did ask the victim about whether she had given petitioner a key to the house and she replied that she had not. The victim, in fact, testified that she and petitioner had argued over whether he should have a key to the house, with the victim telling petitioner she would not give him a key because she lived alone. (Tr. 7/10/13, p. 98). Although other attorneys might have reached a different conclusion about the value of cross-examining the victim in greater detail, counsel's strategic choice not to further cross-examine the victim on the issue of whether she had given petitioner a key was "'within the wide range of reasonable professional assistance.'" *See Moss v. Hofbauer,* 286 F. 3d 851, 864 (6th Cir. 2002)(quoting *Strickland,* 466 U.S. at 689). Indeed, counsel's strategic choice to forego more in-depth cross-examination is "virtually unchallengeable" because she made it after considering the relevant law and facts of the case. *Id.* Finally, petitioner has failed to identify how additional impeachment of the victim on this issue would have affected the jury verdict. Defense counsel did not perform ineffectively by not more forcefully cross-examining the victim about whether she had given petitioner a key to her home,

particularly when the effect of further probing was entirely speculative on petitioner's part. *See Jackson v. Bradshaw,* 681 F.3d 753, 764-65 (6th Cir. 2012).

Petitioner next claims that trial counsel was ineffective for failing to challenge the admission of the personal protection order (P.P.O.) that the victim had obtained against him, because he claims that he was never actually served with the P.P.O. at his address nor was he otherwise given notice of its existence.

Petitioner raised this claim in his motion for relief from judgment. The judge denied the claim, noting that the proof of service for the P.P.O. that was filed with the court indicates that petitioner was personally served with the P.P.O. on June 4, 2012 at 20033 Ilene in Detroit, Michigan. Although the P.P.O. listed petitioner's address as 19433 Ilene Street, the judge noted that there is no requirement under Michigan law that a person be personally served with a P.P.O. at his address, so long as the person is served. *People v. Edmonds,* No. 12-242058-FH, * 6-7 (Oakland Cty. Cir. Ct., Aug. 16, 2016).

Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)(*quoting Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). Because the trial judge determined that the P.P.O. was admissible under Michigan law, this Court must defer to that determination in resolving the petitioner's ineffective assistance of counsel claim. *See Brooks v. Anderson*, 292 F. App'x. 431, 437-38 (6th Cir. 2008). The failure to object to relevant and admissible evidence in not ineffective assistance of counsel. *See Alder v. Burt,* 240 F. Supp. 2d 651, 673 (E.D. Mich. 2003).

Petitioner also claims that trial counsel was ineffective for failing to object to prosecutorial misconduct. Although petitioner agreed to withdraw his prosecutorial misconduct claim, he did

not withdraw his related ineffective assistance of counsel claim. To show prejudice under *Strickland* for failing to object to prosecutorial misconduct, a habeas petitioner must show that but for the alleged error of his trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the proceeding would have been different. *Hinkle v. Randle,* 271 F. 3d 239, 245 (6th Cir. 2001). By withdrawing his prosecutorial misconduct claim, petitioner conceded that the prosecutor did not commit misconduct, thus, petitioner is unable to establish that he was prejudiced by counsel's failure to object. *See Slagle v. Bagley,* 457 F.3d 501, 528 (6th Cir. 2006).

In his seventh claim, petitioner argues that his trial counsel was ineffective for failing to move to excuse a biased juror.

The Michigan Court of Appeals rejected petitioner's claim:

> The juror in question first stated during voir dire that a defendant's prior history would cause him some concern because he believed that "where there's smoke, there's fire," and he would have a hard time separating that out. However, upon further questioning by the trial court, the juror agreed that he could follow the law and find defendant not guilty if the prosecution failed to prove defendant guilty beyond a reasonable doubt.

*People v. Edmonds*, 2014 WL 7157625, at * 4.

To maintain a claim that a biased juror prejudiced him, for purposes of maintaining an ineffective assistance of counsel claim, a habeas petitioner must show that the juror was actually biased against him. *See Hughes v. United States,* 258 F. 3d 453, 458 (6th Cir. 2001); *See also Miller v. Francis,* 269 F. 3d 609, 616 (6th Cir. 2001).

"Challenges for cause are subject to approval by the court and must be based on a finding of actual or implied bias*." Hughes v. United States,* 258 F. 3d at 458 (quoting *Virgin Islands v. Felix*, 569 F.2d 1274, 1277 n. 5 (3rd Cir. 1978)). In the present case, although the juror initially suggested that he would have a hard time separating out petitioner's past history when determining

guilt or innocence, the juror later indicated that he could follow the law and find petitioner not guilty if the prosecutor failed to prove the case against petitioner. Although a trial judge has a duty to dismiss a prospective juror who cannot follow the law, *See Franklin v. Anderson,* 434 F. 3d 412, 428 (6th Cir. 2006), this is not a case in which the juror repeatedly "gave the definite impression that [he] could not faithfully apply the law concerning the burden of proof because [he] failed to understand it." *Id.* at 427, nor is this a case where the juror indicated that it would be "difficult" for him to acquit petitioner. *See Wolfe v. Brigano,* 232 F. 3d 499, 501-03 (6th Cir. 2000).

Petitioner has failed to show that he was prejudiced by counsel's failure to challenge this juror for cause, in light of the fact that this juror stated that he could be fair and impartial in deciding petitioner's case. *See Baze v. Parker,* 371 F. 3d 310, 318-22 (6th Cir. 2004). "In assessing whether a juror was actually biased against a defendant, this court considers the totality of the juror's statements." *Holder v. Palmer*, 588 F.3d 328, 340 (6th Cir. 2009). The juror indicated that he would be fair and impartial, base his decision on the evidence, and would follow the law and find petitioner not guilty if the prosecutor failed to prove her case. Petitioner presented no evidence that this juror's answers were untrue or that he was actually biased against petitioner. *Id.*, at 342. "Although defense counsel's decision to leave the [juror] on the panel might have been ill-advised, criminal defense lawyers should be given broad discretion in making decisions during *voir dire.*" *Id.* "Few decisions at trial are as subjective or prone to individual attorney strategy as juror *voir dire*, where decisions are often made on the basis of intangible factors." *Id.* (quoting *Miller,* 269 F.3d at 620). Petitioner's "challenge to the state court's decision under the *Strickland* test does not reach the high threshold established by AEDPA for the granting of habeas relief." *Id.* Thus, the Michigan Court of Appeals' decision to reject petitioner's ineffective assistance of counsel

claim was neither contrary to nor an unreasonable application of federal law. *Id.* Petitioner is not entitled to relief on his ineffective assistance of trial counsel claims.

In his related third claim, petitioner argues that appellate counsel was ineffective for failing to raise certain prosecutorial misconduct or ineffective assistance of trial counsel claims on appeal or for failing to provide affidavits in support of the ineffective assistance of trial counsel claims. Petitioner argues that appellate counsel was ineffective because he only raised two issues on petitioner's appeal of right.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Petitioner is not entitled to relief on his claim for several reasons.

First, petitioner is incorrect when he alleges that appellate counsel only raised two issues on petitioner's appeal of right. Petitioner's appellate counsel did file an initial appeal brief which raised only two claims (See ECF 9-11, Pg ID 520-546), but appellate counsel was later granted permission to file a supplemental brief on appeal, in which he an additional insufficiency of evidence claim. (See ECF 9-11, Pg ID 553-65). Petitioner's characterization of appellate counsel's efforts is thus without merit.

Second, petitioner by his own admission raised most, if not all, of the claims that he wished appellate counsel to raise in a Standard 4 supplemental *pro se* brief on appeal. [3] The Michigan Court of Appeals reviewed these claims and found them to be without merit. *People v. Edmonds*,

---

[3] See Petitioner's Standard 4 Brief, ECF 9-11, Pg ID 658-680. Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry,* 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

2014 WL 7157625, at * 3-4. [A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Moreover, because the Michigan Court of Appeals considered, and rejected the claims raised by in the supplemental *pro per* brief, petitioner is unable to show that he was prejudiced by appellate counsel's failure to raise these claims in the appeal briefs filed by counsel. *See Donaldson v. Booker,* 505 F. App'x. 488, 496 (6th Cir. 2012).

Finally, although petitioner claims that appellate counsel was ineffective for failing to provide affidavits to support the motion to remand for a *Ginther* hearing, petitioner himself failed to provide affidavits from these witnesses and is thus unable to establish that trial counsel was inffective. In light of the fact that petitioner's ineffective assistance of trial counsel claims are without merit, petitioner is unable to establish that he was prejudiced by appellate counsel's failure to properly move for a *Ginther* hearing. *See e.g. Davis v. Booker,* 594 F. Supp. 2d 802, 831 (E.D. Mich. 2009); *rev'd on other grds,* 589 F. 3d 302 (6th Cir. 2009). Petitioner is not entitled to relief on his third claim.

**B. Claim # 4. The sentencing guidelines claim.**

Petitioner in his fourth claim argues that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner when he scored several of the offense variables under the Michigan Sentencing Guidelines.

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 ( 2013). *Alleyne* expands the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely*

15

*v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.  In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne,* 570 U.S. at 106-07.  The Supreme Court, however, indicated that the ruling in *Alleyne* did not mean that every fact influencing judicial discretion in sentencing must be proven to a jury beyond a reasonable doubt. *Id.* at 116.

The Michigan Supreme Court relied on *Alleyne* to hold that Michigan's mandatory sentencing guidelines scheme violates the Sixth Amendment right to a jury trial, *See People v. Lockridge,* 498 Mich. 358, 870 N.W.2d 502 (Mich. 2015).  The Michigan Supreme Court held that, under *Alleyne*, the Michigan sentencing guidelines scheme violated the Sixth Amendment, because the "guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the "mandatory minimum" sentence under *Alleyne*." *Lockridge*, 498 Mich. at 364 (emphasis in original).

The Sixth Circuit recently granted habeas relief on a challenge to Michigan's sentencing guidelines holding that the United States Supreme Court's decision in *Alleyne* clearly established that Michigan's mandatory minimum sentencing scheme was unconstitutional. *Robinson v. Woods*, 901 F. 3d 710, 716-18 (6th. Cir. 2018); *petition for cert. filed* No. 18-680 (U.S. Nov. 23, 2018).  In so ruling, the Sixth Circuit concluded that "[a]t bottom, Michigan's sentencing regime

violated *Alleyne's* prohibition on the use of judge-found facts to increase mandatory minimum sentences. *Id.* at 716 (citing *Alleyne*, 570 U.S. at 111-12).

This Court declines to grant petitioner habeas relief on his claim for several reasons.

First, the Michigan Attorney General has filed a petition for *certiorari* with the United States Supreme Court from the Sixth Circuit's decision in *Robinson,* which remains pending in the Supreme Court. See 18-680 (U.S.). The Sixth Circuit's holding remains in limbo until the Supreme Court decides whether or not to grant *certiorari* to the Attorney General.

Secondly, a habeas court can only rely on the holdings of the United States Supreme Court as they existed at the time of the relevant state court decision to determine whether that decision was contrary to, or an unreasonable application of, clearly established federal law. *Mitzel v. Tate,* 267 F. 3d 524, 530-31 (6th Cir. 2001). A habeas court cannot look to the decisions of this circuit, or other courts of appeals, when deciding whether a state court's decision was contrary to, or an unreasonable application of, clearly established federal law. *Id.* Sixth Circuit precedent thus does not constitute "clearly established Federal law, as determined by the Supreme Court" and thus "cannot form the basis for habeas relief under [the] AEDPA." *Parker v. Matthews,* 567 U.S. 37, 48–49 (2012). This Court cannot rely on *Robinson* to grant petitioner relief. This is particularly so since prior to *Robinson,* the Sixth Circuit had concluded numerous times that the Supreme Court's holding in *Alleyne* applied only to mandatory minimum sentences and not to the scoring of sentencing guidelines. The Sixth Circuit in a prior case held that *Alleyne* did not invalidate the scoring of the federal sentencing guidelines, concluding that the United States Supreme Court's holding in "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range," which is what happened to petitioner in this case with the scoring of the sentencing guidelines range. *See United*

*States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014). Other panels of the Sixth Circuit reached the same conclusion. *See United States v. James*, 575 F. App'x. 588, 595 (6th Cir. 2014)(collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 F. App'x. 483, 485 (6th Cir. 2014)("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.'...It said nothing about guidelines sentencing factors...."). The Sixth Circuit, in fact, previously ruled that *Alleyne* did not decide the question whether judicial factfinding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x. 668, 673 (6th Cir. 2013).

A disagreement among circuit courts is evidence that a certain matter of federal law is not clearly established for federal habeas purposes. *See Miller v. Colson*, 694 F. 3d 691, 698 (6th Cir. 2012). The Supreme Court's failure to rule on the precise issue of whether the Sixth Amendment right to a jury applies to the scoring of sentencing guidelines, coupled with the "disagreement and confusion" among the different panels of the Sixth Circuit concerning the resolution of this issue, precludes this Court from finding that the Michigan courts' rejection of petitioner's claim was an unreasonable application of clearly established federal law. *See Worden v. McLemore,* 200 F. Supp. 2d 746, 752-53 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief.

### C. Claim # 5. The sufficiency of evidence claim.

Petitioner next contends that there was insufficient evidence to convict him of first-degree home invasion, because there was no evidence he actually broke into the victim's home and he had permission to be in the house because the victim had previously given him a key to the home.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

The Michigan Court of Appeals rejected petitioner's claim. The Michigan Court of Appeals first noted that under Michigan law, a first-degree home invasion could be committed

either when a defendant breaks and enters a dwelling or enters a dwelling without permission.

*People v. Edmonds*, 2014 WL 7157625, at * 3 (citing *People v. Wilder*, 485 Mich. 35, 43; 780 NW2d 265 (2010)). The Michigan Court of Appeals then concluded that there was sufficient evidence to support petitioner's conviction:

> On appeal, defendant challenges only whether the first element was satisfied. He claims that there was no evidence that he broke into the house and that the mere fact that he possessed a key to the victim's house means that he had permission to enter the premises. But defendant ignores the unrefuted testimony of the victim, who stated that (1) she never gave defendant a key and (2) defendant did not have permission to be in the home at the time. Consequently, there was sufficient evidence for a jury to find that the first element of first-degree home invasion was proven beyond a reasonable doubt.

*People v. Edmonds*, 2014 WL 7157625, at * 3.

> Mich. Comp. Laws § 750.110a(2) states that:
>
> A person who breaks and enters a dwelling with intent to commit a felony or a larceny in the dwelling or a person who enters a dwelling without permission with intent to commit a felony or a larceny in the dwelling is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> (a) The person is armed with a dangerous weapon.
> (b) Another person is lawfully present in the dwelling.

Michigan's first-degree home invasion statute includes all of the elements of the burglary of a dwelling, but also requires that the defendant be armed with a dangerous weapon and/or that the dwelling be occupied. *See Johnson v. Warren,* 344 F. Supp. 2d 1081, 1093 (E.D. Mich. 2004)(citing *United States v. Garcia-Serrano,* 107 F. App'x. 495, 496-97 (6th Cir. 2004)). Michigan's first- degree home invasion statute does not require that there be a "breaking," as petitioner suggests. Instead, a defendant's act of entering without permission with the intent to commit a felony is sufficient to support a conviction of first degree home invasion. *See Holtgrieve*

*v. Curtis,* 174 F. Supp. 2d 572, 583 (E.D. Mich. 2001). In the present case, petitioner's act of entering the victim's home without her permission was sufficient to establish the element of first-degree home invasion.

There was also sufficient evidence that petitioner entered the victim's home without her permission. The term "without permission" is defined by Michigan law as "without having obtained permission to enter from the owner or lessee of the dwelling or from any other person lawfully in possession or control of the dwelling." Mich. Comp. Laws § 750.110a(1)(c).

The victim testified that she did not give petitioner permission to enter her home. Her testimony was buttressed by her neighbor's testimony that petitioner had threatened to crack the victim's skull, that petitioner vandalized her home, and that petitioner was caught hiding in the victim's home. None of these actions are consistent with petitioner being given permission to enter the victim's home. Finally, the mere fact that petitioner may have had permission in the past to enter the victim's home does not establish that he had permission to be inside of her home that night. See e.g. *Holtgreive v. Curtis*, 174 F. Supp. 2d at 584. Petitioner is not entitled to relief on his fifth claim.

### D. Claim # 8. The admission of the personal protection order.

Petitioner next argues that the personal protection order (P.P.O.) should not have been admitted into evidence because there was insufficient evidence that he was properly served.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. at 67-68. A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings

regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000).

Petitioner's claim that the trial court judge improperly admitted the personal protection order into evidence at petitioner's state trial involves an issue of state law that is non-cognizable on habeas review. *See Rodriguez v. Superintendent, Collins Corr. Facility*, 549 F. Supp. 2d 226, 244-45 (N.D.N.Y. 2008); *Litwinsky v. Zavares,* 132 F. Supp. 2d 1316, 1324 (D. Colo. 2001). Petitioner is not entitled to habeas relief on his eighth claim.

### E. Claim # 9. The other acts evidence/limiting instruction claim.

Petitioner lastly claims that the trial court judge erred in allowing into evidence prior bad acts evidence concerning the incident at the victim's mother's home, where petitioner threw bricks into the window, as well as various other prior threats. Petitioner claims the admission of this evidence violated M.R.E. 404(b). Petitioner also claims that the judge erred in failing to issue a limiting instruction that the prior incident at the victim's mother's home could only be used with respect to the aggravated stalking charge but not the home invasion charge.

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting other acts evidence against him would not entitle him to relief because this claim is non-cognizable on habeas review. *See Bey v. Bagley*, 500 F 3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law). The admission of this "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting

propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell*, 329 F. 3d 496, 512 (6th Cir. 2003).

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned", and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977). Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009).

The failure to give a limiting instruction on the proper use of "other acts" or "other crimes" evidence is harmless error if it does not "materially affect the verdict ... in light of all the other evidence presented." *See U.S. v. Stevens*, 303 F.3d 711, 717 (6th Cir. 2002)(quoting *United States v. Latouf*, 132 F. 3d 320, 329 (6th Cir. 1997). In light of the significant amount of evidence which established petitioner's guilt, the failure to give a limiting instruction was harmless error at most. Petitioner is not entitled to habeas relief on his final claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the

issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 854 (E.D. Mich. 2010).

The Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## V.  ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be denied leave to appeal *in forma pauperis*.


Dated:  February 4, 2019                    s/Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge