UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO W. EDMONDS,

    Petitioner,

v.

RANDEE REWERTS,

    Respondent,
_____/

Civil No. 2:18-CV-11691
HONORABLE SEAN F. COX
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER ON REQUEST FOR INDICATIVE RULING ON RESPONDENT'S MOTION FOR RELIEF UNDER RULE 60(b)

This Court previously denied Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and Petitioner filed a notice of appeal. Thereafter, the United States Court of Appeals for the Sixth Circuit issued an order holding the appeal in abeyance, to permit Respondent to file a motion in this Court under Fed. R. Civ. P. 60(b), and seek an indicative ruling on that motion pursuant to Fed. R. Civ. P. 62.1. As set forth below, this Court finds that the pending motion raises a substantial issue, such that this Court would grant the motion if the appellate court remands for that purpose.

### I. Background

Ricardo W. Edmonds, ("Petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction and sentence for first-degree home invasion, Mich. Comp. Laws, § 750.110a(2); aggravated stalking, Mich. Comp. Laws, § 750.411i; and being a fourth felony habitual offender, Mich. Comp. Laws, § 769.12.

Petitioner was convicted following a jury trial in the Oakland County Circuit Court and was sentenced to twenty one years, six months to forty years in prison. After exhausting his

1

state court remedies, Petitioner sought habeas relief in this Court, which was denied. This Court also denied Petitioner a certificate of appealability or leave to appeal *in forma pauperis.*

Petitioner filed a notice of appeal on March 1, 2019. The United States Court of Appeals for the Sixth Circuit granted Petitioner a certificate of appealability on his fourth claim, in which Petitioner alleged that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by Petitioner when he scored several of the offense variables under the Michigan Sentencing Guidelines. *Edmonds v. Rewerts,* U.S.C.A. No. 19-1207 (6th Cir. July 3, 2019).

On or about November 13, 2019, the Sixth Circuit issued an order holding the appeal in abeyance, in order to permit Respondent "to file a motion in the district court under Federal Rule of Civil Procedure 60(b) for a remand to the state court to conduct a sentencing proceeding." *Edmonds v. Rewerts,* U.S.C.A. No. 19-1207 (6th Cir. Nov. 13, 2019). That order explained as follows:

> An abeyance of briefing to allow the respondent to seek this relief will be granted, with the following caveat. When the district court is presented with a motion that it is inclined to grant but lacks authority to rule because of a pending appeal, the district court should indicate its inclination to grant the motion or that the motion presents a substantial issue. Fed. R. Civ. P. 52.1(a). The movant should then notify this court of the district court's indicative ruling, Rule 62.1(b), and then seek a remand to the district court. *Id., see also* Fed. R. App. 12.1.
> In order to allow an opportunity to seek an indicative ruling under Rule 62.1 and a remand from this court, the motion to hold briefing in abeyance is GRANTED.

(*Id.*).

On or about November 19, 2019, Respondent filed a motion in which it explains that the "State now agrees that Edmonds is entitled to receive partial habeas relief on his Sixth Amendment sentencing claim," in the form of remand to the state court to conduct a sentencing

proceeding. (ECF No. 17). That motion asks this Court "to issue an order indicating that it is inclined to grant" the relief requested by Respondent.

## II. Discussion

Respondent filed a Rule 60(b) motion for relief from judgment. Respondent in their motion agrees that Petitioner is entitled to habeas relief on his sentencing claim and asks this Court to indicate that it would be willing to grant habeas relief and remand this case to the state courts for a re-sentencing.

A federal district court can reopen a habeas case pursuant to Fed. R. Civ. P. 60(b)(6) when extraordinary circumstances are present. *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017). This Court believes that such circumstances are present and, if the matter is remanded to this Court, would order the Clerk of the Court to reopen the case to the Court's active docket.

Petitioner in his fourth claim argued that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner when he scored several of the offense variables under the Michigan Sentencing Guidelines.

Although Respondent originally opposed Petitioner being granted relief on this claim, Respondent now concedes that Petitioner is entitled to a re-sentencing based on Sixth Circuit caselaw. This Court agrees.

The Court notes at the outset that Respondent has now confessed error on this issue. Confessions of error are given great weight but do not relieve a federal court of performing its judicial function. *See Sibron v. New York,* 392 U.S. 40, 58 (1968) (quoting *Young v. United States,* 315 U.S. 257, 258 (1942)); *see also Saldano v. Cockrell,* 267 F. Supp. 2d 635, 642 (E.D. Tex. 2003); *aff'd in part sub nom Saldano v. Roach,* 363 F. 3d 545 (5th Cir. 2004); *cert. den.* 125

S. Ct. 65 (2004)(in spite of the great weight afforded a respondent's confession of error, federal habeas court is still required to perform an independent analysis of the habeas Petitioner's claim). Nonetheless, a confession of error is "generally given great deference" and when that confession of error is "made by the official having full authority for prosecution on behalf of the government it is entitled to even greater deference." *See Korematsu v. United States,* 584 F. Supp. 1406, 1413 (N.D. Cal. 1984). In this case, this Court would now be willing to grant habeas relief on Petitioner's sentencing claim, because Respondent's confession of error that Petitioner is entitled to re-sentencing is in consonance with controlling legal authority. *See Edick v. United States,* 264 F. 2d 229, 229 (6th Cir. 1959).

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013). *Alleyne* expands the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne,* 570 U.S. at 106-07.

The Michigan Supreme Court relied on *Alleyne* to hold that Michigan's mandatory sentencing guidelines scheme violates the Sixth Amendment right to a jury trial. *See People v. Lockridge,* 498 Mich. 358, 870 N.W.2d 502 (Mich. 2015). The Michigan Supreme Court held

4

that, under *Alleyne*, the Michigan sentencing guidelines scheme violated the Sixth Amendment, because the "guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the "mandatory minimum" sentence under *Alleyne*." *Lockridge*, 498 Mich. at 364 (emphasis in original).

The Sixth Circuit granted habeas relief on a challenge to Michigan's sentencing guidelines holding that the United States Supreme Court's decision in *Alleyne* clearly established that Michigan's mandatory minimum sentencing scheme was unconstitutional. *Robinson v. Woods*, 901 F. 3d 710, 716-18 (6th. Cir. 2018). In so ruling, the Sixth Circuit concluded that "[a]t bottom, Michigan's sentencing regime violated *Alleyne's* prohibition on the use of judge-found facts to increase mandatory minimum sentences. *Id.* at 716 (citing *Alleyne*, 570 U.S. at 111-12).

This Court declined to grant Petitioner habeas relief, in part because at the time of his habeas application, the Michigan Attorney General had filed a petition for *certiorari* with the United States Supreme Court from the Sixth Circuit's decision in *Robinson,* which was still pending in the Supreme Court at the time this Court rendered its decision. This Court believed that the Sixth Circuit's holding in *Robinson* was "in limbo until the Supreme Court decides whether or not to grant *certiorari* to the Attorney General." *Edmonds v. Rewerts*, 2019 WL 423820, at * 9. However, subsequent to this Court's ruling, the United States Supreme Court denied *certiorari* to the Michigan Attorney General. *Huss v. Robinson,* 139 S. Ct. 1264, 203 L. Ed. 2d 277 (2019). In light of the Supreme Court's ruling in the *Robinson* case, Respondent now concedes that Petitioner is entitled to habeas relief on his sentencing claim.

In light of the fact that the Sixth Circuit's holding in *Robinson v. Woods, supra,* has been upheld by the United States Supreme Court, combined with Respondent's confession of error, this Court would grant the Respondent's Rule 60(b) motion. This Court would be willing to grant habeas relief to Petitioner on his sentencing claim and order that Petitioner be re-sentenced in the state courts in accordance with the Sixth Circuit's holding in *Robinson v. Woods.*

### III. Conclusion and Order

As set forth above, Respondent's request for an indicative ruling on its Rule 60(b) motion is GRANTED and this Court finds that Respondent's motion raises a substantial issue, such that this Court would GRANT the motion if the court of appeals remands for that purpose.

The Court FURTHER ORDERS Respondent to promptly notify the circuit clerk of this order. Fed. R. Civ. P. 62.1(b).

IT IS SO ORDERED.

    s/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated: January 3, 2020