UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO W. EDMONDS,

    Petitioner,   Civil No. 2:18-CV-11691
                           HONORABLE SEAN F. COX
v.                        UNITED STATES DISTRICT JUDGE

RANDEE REWERTS,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE
MOTION FOR BOND PENDING APPEAL (ECF No. 34)**

This Court granted petitioner a writ of habeas corpus on his claim that the judge had violated his Sixth Amendment rights by using factors that had not been submitted to the jury to score his sentencing guidelines. This Court ordered the state trial court to conduct a re-sentencing.

Respondent filed a notice of appeal. (ECF No. 23). Respondent also filed a motion for a stay pending appeal. (ECF No. 25). Respondent does not object to this Court granting habeas relief but argues that the appropriate remedy would not be a full re-sentencing, as this Court ordered, but instead should have been a remand for the state court judge to first determine whether or not he would have imposed a materially different sentence if the sentencing guidelines were merely advisory at the time of the petitioner's original sentencing. The Court granted the motion for a stay. (ECF No. 29).

Petitioner filed a motion for release on bond pending the appeal. For the reasons that follow, the motion is DENIED.

In order to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances

1

justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79.

Petitioner seeks release on bond, claiming that his health is in danger because of the current historic Coronavirus pandemic and the risks that the virus poses to inmates.

The Court is sympathetic to petitioner's concerns. Nonetheless, petitioner is not entitled to emergency release on bond.

There is no allegation that petitioner has been exposed to the Coronavirus, nor has he shown that the State of Michigan is unable or unwilling of protecting him and other inmates through precautionary measures. *Titus v. Nagy*, No. 2:18-CV-11315, 2020 WL 1930059, at * 3 (E.D. Mich. Apr. 21, 2020), *reconsideration denied,* No. 2:18-CV-11315, 2020 WL 2733882 (E.D. Mich. May 26, 2020). The Director of the Michigan Department of Corrections (MDOC) issued a memorandum, listing in detail the numerous steps undertaken by the MDOC to protect staff and prisoners from the spread of COVID-19. The Director's memorandum outlines various precautionary measures that staff should take to prevent the spread of COVID-19. These precautionary measures include: developing isolation areas for the placement and treatment of prisoners who (i) have tested positive for COVID-19, (ii) are under investigation for having COVID-19, or (iii) have had close contact with known-positive COVID-19 individuals; the wearing of protective gear; the screening of individuals entering correctional facilities; and social distancing. *Id.* Governor Gretchen Whitmer also promulgated certain protocols to mitigate the spread of COVID-19 among state prisoners and employees who work in state prisons. Executive Order 2020-119 requires MDOC to continue the risk-reduction protocols already in place and

implemented in its facilities. These protocols include: screening persons entering and departing facilities; restricting visitors; limiting off-site appointments; developing and implement protocols for inmates with COVID-19 symptoms; providing personal protective equipment for staff; stringently cleaning areas and surfaces; ensuring access to personal hygiene products; practicing social distancing; and minimizing crowding. *Id.*

The extensive precautionary measures undertaken by the MDOC to limit inmates' exposure to Covid-19 at the direction of the Governor and the Director of the MDOC rebut petitioner's argument that exceptional circumstances exist to justify his release on bond.

Furthermore, petitioner's case is distinguishable from cases in which habeas petitioners were released on bond. Unlike the petitioner who was released on bond in *Puertas v. Overton*, 272 F. Supp.2d 621 (E.D. Mich. 2003), petitioner failed to show that he is in dire health, suffers from severe coronary disease, or required to follow a life-preserving regimen for an aggressive form of cancer.

Petitioner's case also is distinguishable from *Clark v. Hoffner*, No. 2:16-cv-11959, 2020 WL 1703870 (E.D. Mich. Apr. 8, 2020), a case in which a habeas petitioner was released on bond due to the threat of COVID-19 at the Lakeland Correctional Facility.  In that case, Judge Victoria A. Roberts had already granted habeas relief on petitioner's claim and concluded that there was evidence of actual innocence. Additionally, that petitioner had followed all conditions of bond when he was previously released, and after the Sixth Circuit ordered the District Court to reverse its order granting release on bond, the Wayne County's Conviction Integrity Unit investigated the case and was prepared to recommend that the petitioner be completely exonerated or given a new trial.

Unlike the *Clark* case, petitioner's case remains pending on appeal before the Sixth Circuit. Assuming that the Sixth Circuit affirms this Court's decision, the case would be sent back to the state trial court for re-sentencing, but petitioner would more than likely still receive a prison sentence on re-sentencing, in contrast to the petitioner in *Clark,* who was ultimately exonerated of the crime he had been convicted of.

Based on the foregoing, the Motion for Bond Pending Appeal is (ECF No. 34) is DENIED.


Dated: January 21, 2021                               s/Sean F. Cox                         
                                                                             Sean F. Cox
                                                                             U. S. District Judge