UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO W. EDMONDS,

   Petitioner,

                                  CASE NO. 2:18-CV-11691
v.                               HONORABLE SEAN F. COX
                                  CHIEF UNITED STATES DISTRICT JUDGE

MICHELLE FLOYD,

     Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION
FOR THE APPOINTMENT OF COUNSEL (ECF No. 49)**

      This case is on remand from the United States Court of Appeals for the Sixth Circuit after that Court determined that it was not necessary for petitioner to seek authorization to file a successive habeas petition with that Court because petitioner had been resentenced by the state court after this Court had previously granted habeas relief to petitioner. [1] *In Re Edmonds,* No. 23-1748 (6th Cir. Dec. 27, 2023). The Sixth Circuit transferred the case and the motion for authorization back to this Court for further proceedings. *Id.* Before the Court is petitioner's motion for the appointment of counsel. For the reasons stated below, the motion for appointment of counsel is **DENIED WITHOUT PREJUDICE.**

---

[1] This Court granted habeas relief to petitioner after finding that the judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner when scoring several of the offense variables under the Michigan Sentencing Guidelines. *Edmonds v. Rewerts*, No. 2:18-CV-11691, 2020 WL 10963776 (E.D. Mich. Feb. 27, 2020), *aff'd sub nom. Morrell v. Wardens*, 12 F.4th 626 (6th Cir. 2021). On resentencing in the state courts, petitioner's sentence was reduced from 21 ½ to 40 years to 17 to 40 years.

1

The motion for the appointment of counsel is denied. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

Petitioner filed a petition for writ of habeas corpus (ECF No. 1) and a forty five page memorandum of law in support of the petition (ECF No. 7), which raised nine claims for relief. This Court actually granted Petitioner habeas relief on his sentencing claim. Petitioner has since filed with the Sixth Circuit a motion for authorization to file a successive habeas petition (ECF No. 44), which the Sixth Circuit indicated was not necessary to file because petitioner had been re-sentenced by the state court and thus petitioner was challenging a new judgment and his new

2

petition was not successive. Petitioner therefore has the means and ability to present his claims to the court.  Furthermore, until this Court reviews the pleadings filed by petitioner and respondent and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required.  Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court denies the motion for appointment of counsel without prejudice. The Court will reconsider petitioner's motion if, following review of the pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

## ORDER

**IT IS HEREBY ORDERED** that the motion for appointment of counsel (**ECF No. 49**) is **DENIED WITHOUT PREJUDICE.**


Dated:  October 30, 2024                                s/Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Judge


I hereby certify that on October 30, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                        s/J. McCoy
                                                        Case Manager