UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO W. EDMONDS,

    Petitioner,

v.

MICHELLE FLOYD,

    Respondent,

_____/

Civil No. 2:18-CV-11691
HONORABLE SEAN F. COX
CHIEF UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER ON REMAND DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Ricardo W. Edmonds, ("petitioner"), confined at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction and sentence for first-degree home invasion, Mich. Comp. Laws, § 750.110a(2); aggravated stalking, Mich. Comp. Laws, § 750.411i; and being a fourth felony habitual offender, Mich. Comp. Laws, § 769.12. For the reasons that follow, the petition for writ of habeas corpus is denied with prejudice.

### I. Background

Petitioner filed his original petition with this Court in 2018. The Court denied the petition for writ of habeas corpus. *Edmonds v. Rewerts*, No. 2:18-CV-11691, 2019 WL 423820 (E.D. Mich. Feb. 4, 2019).

Petitioner filed a notice of appeal. The United States Court of Appeals for the Sixth Circuit granted petitioner a certificate of appealability on his fourth claim from his original petition, in which petitioner alleged that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt

1

or admitted to by petitioner when he scored several of the offense variables under the Michigan Sentencing Guidelines. *Edmonds v. Rewerts,* U.S.C.A. No. 19-1207 (6th Cir. July 3, 2019). On November 13, 2019, the Sixth Circuit granted respondent's motion to hold the appeal in abeyance so that respondent could return to this Court to file a Rule 60(b) motion for partial summary judgment. *Edmonds v. Rewerts,* U.S.C.A. No. 19-1207 (6th Cir. Nov. 13, 2019).

Respondent filed a Rule 60(b) motion with this Court. Respondent in their motion agreed that petitioner was now entitled to habeas relief on his sentencing claim and asked this Court to indicate whether it would be willing to grant habeas relief and remand this case to the state courts for a re-sentencing. This Court granted the motion and indicated that it would grant habeas relief to petitioner if the Sixth Circuit were to remand the case to this Court. (ECF No. 18).

The Sixth Circuit issued an order remanding this case based on this Court's indicative ruling. *Edmonds v. Rewerts,* No. 19-1207 (6th Cir. Feb. 24, 2020).

On remand, this Court granted habeas relief to petitioner after finding that the judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner when scoring several of the offense variables under the Michigan Sentencing Guidelines. *Edmonds v. Rewerts*, No. 2:18-CV-11691, 2020 WL 10963776 (E.D. Mich. Feb. 27, 2020), *aff'd sub nom. Morrell v. Wardens*, 12 F.4th 626 (6th Cir. 2021). On resentencing in the state courts, petitioner's sentence was reduced from 21 ½ to 40 years to 17 to 40 years. Petitioner appealed his new sentence to the state appellate courts, which was affirmed. *People v. Edmonds*, No. 359299, 2022 WL 18005787 (Mich. Ct. App. Dec. 29, 2022); *lv. den.* 511 Mich. 969, 990 N.W.2d 335 (2023).

Petitioner then filed with the United States Court of Appeals for the Sixth Circuit a motion for permission to file a successive habeas petition. The Sixth Circuit remanded this case to this

2

Court after ruling that it was not necessary for petitioner to seek authorization to file a successive habeas petition because petitioner had been re-sentenced by the state court after this Court had previously granted habeas relief to petitioner. *In Re Edmonds,* No. 23-1748 (6th Cir. Dec. 27, 2023). The Sixth Circuit transferred the case and the motion for authorization back to this Court for further proceedings. *Id.* On remand, this Court reopened the case. The Court gave petitioner time to file an amended habeas petition unless he wanted his motion for authorization to serve as his petition. Petitioner did not file an amended petition. Respondent has filed a supplemental answer to the claims raised in the motion for authorization and petitioner has filed a reply brief.

Petitioner seeks habeas relief on the following grounds:

I. Resentencing is required as Offense Variable 10 was unconstitutionally scored affecting the minimum sentence guideline range that the Respondent conceded was improper.

II. Resentencing is required as Offense Variable 4 was unconstitutionally scored affecting the minimum sentence guideline range that the Respondent conceded was improper.

III. Petitioner was denied effective assistance of counsel where the trial court [sic] failed to request an instruction that to prove home invasion in the first degree, a person must be present at the home at the time of entry.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claims "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

### III. Discussion

**A. Claims # 1 and # 2. The sentencing guidelines claims.**

Petitioner in his first and second claims alleges that two offense variables of the Michigan Sentencing Guidelines were incorrectly scored by the judge at his re-sentencing following this Court's original grant of habeas relief. He further argues that trial court judge at re-sentencing violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted

4

to a jury and proven beyond a reasonable doubt or admitted to by petitioner when scoring these two offense variables.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is non-cognizable on federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Petitioner has "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Petitioner thus "had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.*

Petitioner's related Sixth Amendment claim does not entitle him to relief either.

In 2013, the United States Supreme Court held that any fact which increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013). *Alleyne* is an expansion of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

The Michigan Supreme Court relied on *Alleyne* to hold that Michigan's mandatory sentencing guidelines scheme violates the Sixth Amendment right to a jury trial. *See People v. Lockridge,* 498 Mich. 358, 870 N.W.2d 502 (Mich. 2015). The Michigan Supreme Court held that, under *Alleyne*, the Michigan sentencing guidelines scheme violated the Sixth Amendment, because the "guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the "mandatory minimum" sentence under *Alleyne*." *Lockridge*, 498 Mich. at 364 (emphasis in original). The Michigan Supreme Court's remedy for the unconstitutionality of the Michigan guidelines was to sever and strike the mandatory component of the guidelines and make the guidelines advisory only. *Id.* 498 Mich. at 391-92 (*relying on Booker*, 543 U.S. at 264-265 (holding that the remedy for the unconstitutionality of the mandatory federal sentencing guidelines was to sever only the mandatory component, still requiring courts to consider the guidelines, but making them advisory and subject to review for reasonableness)).

Subsequent to the Michigan Supreme Court's *Lockridge* decision, the Sixth Circuit granted habeas relief on a challenge to Michigan's sentencing guidelines, holding that the United States Supreme Court's decision in *Alleyne* clearly established that Michigan's *mandatory* minimum sentencing scheme was unconstitutional. *Robinson v. Woods*, 901 F. 3d 710, 716-18 (6th. Cir. 2018)(emphasis added). In so ruling, the Sixth Circuit concluded that "[a]t bottom, Michigan's sentencing regime violated *Alleyne's* prohibition on the use of judge-found facts to increase mandatory minimum sentences." *Id.* at 716 (citing *Alleyne,* 570 U.S. at 111-12). This Court relied on the *Robinson* decision to grant petitioner habeas relief from his original sentence.

Petitioner is not entitled to habeas relief on his claim that the judge on re-sentencing violated his Sixth Amendment right to a jury trial by scoring two of the offense variables because

6

the Michigan Sentencing Guidelines are now advisory, as the Michigan Court of Appeals indicated in rejecting petitioner's claim. *People v. Edmonds*, 2022 WL 18005787, at * 3, n. 2.

Purely advisory applications of the sentencing guidelines do not violate the Sixth Amendment. *See Booker*, 543 U.S. at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."); *see also Apprendi v. New Jersey*, 530 U.S. 466, 481-82 (2000)(reiterating that "'a sentence imposed by a federal district judge, if *within statutory limits*, is generally not subject to review'")(emphasis added)(quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)); *United States v. Cook,* 453 F.3d 775, 777 (6th Cir. 2006)(Defendant's sentencing in federal court based on facts other than those rendered in the verdict or admitted by defendant did not violate his Sixth Amendment right to trial by jury, since defendant was sentenced under advisory, rather than mandatory sentencing guidelines).

Petitioner is not entitled to habeas relief because the minimum sentence that he challenges was imposed by the state trial court judge at the re-sentencing when it was clear under Michigan law that the trial court must treat as advisory the Michigan guidelines for imposing a minimum sentence. *See Reign v. Gidley*, 929 F.3d 777, 780 (6th Cir. 2019) (petitioner not entitled to habeas relief where trial court on a *Lockridge* remand from the Michigan Supreme Court declined to hold another re-sentencing hearing, after concluding that he would have imposed the same sentence under the now advisory guidelines range). The constitutional error at petitioner's original sentencing, for which he obtained habeas relief, "was the mandatory application of the guidelines, not merely the consideration of judge-found facts." *Id.* at 781. Petitioner is not entitled to habeas

7

relief because the sentence given by the state court judge at re-sentencing was imposed "when the guidelines were known and understood to be advisory." *Id.*

"After *Lockridge*, a trial court's imposition of a sentence, no matter how it may be guided by the sentencing guidelines, represents an exercise of the court's discretion." *Fitzgerald v. Trierweiler*, No. 1:17-CV-435, 2017 WL 2790710, at * 7 (W.D. Mich. June 28, 2017). Because petitioner was re-sentenced after the decision in *Lockridge,* the sentencing guidelines were no longer mandatory but advisory, thus, the sentence imposed was an exercise of the judge's discretion. *Id.* "Facts the trial court may have found in support of its exercise of discretion do not implicate the Sixth Amendment." *Id.* The Michigan courts thus reasonably rejected petitioner's Sixth Amendment claim. *Id.*

### B. Claim # 2. The ineffective assistance of counsel claim.

Petitioner next contends that his trial counsel was ineffective for failing to by failing to request an appropriate jury instruction related to the first-degree home invasion charge that would have instructed the jurors that they could not convict petitioner of the charge because the victim returned home after petitioner had already entered the house. [1]

Respondent argues that the claim is procedurally defaulted because the Michigan Court of Appeals on the appeal following petitioner's re-sentencing declined to address the ineffective assistance of counsel claim because it was not properly before that court for appellate review

---

[1] Petitioner raised this in a *pro se* supplemental appeal brief that he filed in addition to the appellate brief filed by appellate counsel. See Standard-4 Brief (ECF No. 53-11, PageID. 1619-30, more specifically at PageID. 1628-30). Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry,* 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

8

because this Court had remanded the case to the trial court solely for the purpose of re-sentencing. *People v. Edmonds*, 2022 WL 18005787, at * 4.

Under Michigan law, where a remand is had on an appeal as of right, the scope of review following the second appeal as of right from the disposition on remand is limited by the scope of the remand. *See People v. Jones*, 394 Mich. 434, 435–36, 231 N.W.2d 649, 650 (1975). The Michigan Court of Appeals' decision to refuse to adjudicate petitioner's ineffective assistance of counsel claim because it was beyond the scope of the remand is not so much a procedural default as an exhaustion issue. *See e.g. Houthoofd v. Woods*, No. 2:15-CV-12764, 2015 WL 4967050, at *3 (E.D. Mich. Aug. 20, 2015)(perjury claim unexhausted where petitioner raised it in front of the Michigan appellate courts on appeal following the re-sentencing, where the scope of the remand was limited to the re-sentencing).

A habeas petitioner's failure to exhaust his state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). An unexhausted claim may be adjudicated by a federal court on habeas review if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees,* 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2)(habeas petition may be denied on the merits despite the failure to exhaust state court remedies). A federal court should dismiss a non-federal or frivolous claim on the merits to save the state courts the useless review of meritless constitutional claims. See *Cain v. Redman*, 947 F. 2d 817, 820 (6th Cir. 1991). Petitioner's ineffective assistance of counsel claim is without merit; the Court chooses to adjudicate it, rather than send it back to the state courts.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Petitioner argues that he could not be convicted of first-degree home invasion because he was already inside the victim's house when she returned home. Petitioner claims that trial counsel was ineffective for failing to ask the judge to instruct the jurors that they could not find petitioner guilty of first-degree home invasion if they determined that he entered the victim's residence before she came home.

Mich. Comp. Laws § 750.110a(2) states that:

A person who breaks and enters a dwelling with intent to commit a felony or a larceny in the dwelling or a person who enters a dwelling without permission with intent to commit a felony or a larceny in the dwelling is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

(a) The person is armed with a dangerous weapon.

(b) Another person is lawfully present in the dwelling.

Michigan's first-degree home invasion statute includes all of the elements of the burglary of a dwelling, but also requires that the defendant be armed with a dangerous weapon and/or that the dwelling be occupied. *See Matthews v. Jackson,* 328 F. Supp. 3d 743, 752 (E.D. Mich. 2018)(citing *Johnson v. Warren,* 344 F. Supp. 2d 1081, 1093 (E.D. Mich. 2004)(citing *United States v. Garcia-Serrano,* 107 F. App'x 495, 496-97 (6th Cir. 2004)). As respondent correctly argues, it is immaterial who entered the dwelling first, either the victim or petitioner, as long as the victim was present in the house at some point during the home invasion. Although this Court has been unable to find any cases in which a sufficiency of evidence challenge was made based on the argument advanced by petitioner, the Court has found numerous cases in which defendants were convicted of first-degree home invasion even though the owners of the dwelling returned home after the defendant or defendants had already entered the home or residence. *See People v. Gibbs-Curry*, No. 345321, 2020 WL 448182, at * 1 (Mich. Ct. App. Jan. 28, 2020); *People v. Zielinski*, No. 307209, 2013 WL 238526, at * 1 (Mich. Ct. App. Jan. 22, 2013); *People v. Perreo*, No. 283450, 2009 WL 609554, at * 1 (Mich. Ct. App. Mar. 10, 2009); *People v. Howard*, No. 235162, 2003 WL 460021, at *1 (Mich. Ct. App. Feb. 21, 2003); *People v. Misiak*, No. 186021, 1997 WL 33353586, at *1 (Mich. Ct. App. Mar. 4, 1997).

In the present case, the judge gave the jurors an instruction on the elements of first-degree home invasion, that accurately reflected Michigan law. (ECF No. 9-7, PageID. 420-21). "An attorney's failure to object to jury instructions is deficient only if the petitioner can establish that the instructions were inaccurate." *Daniels v. Lafler*, 501 F.3d 735, 743 (6th Cir. 2007). Defense counsel was not deficient for failing to object to the instruction given on the elements of first-degree home invasion, because the instruction was an accurate reflection of the law. *Id.* In addition, petitioner's proposed instruction that the jurors could not convict petitioner of first-degree home invasion if the victim arrived home after he had entered the home was inappropriate under state law, thus, counsel was not for failing to request such an instruction. *See Strayhorn v. Booker*, 718 F. Supp. 2d 846, 870 (E.D. Mich. 2010). Petitioner is not entitled to relief on his third claim.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams*, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed.R.App. P. 24(a).

### V. ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be denied leave to appeal *in forma pauperis*.


Dated: January 24, 2025                                s/Sean F. Cox
                                                       Sean F. Cox
                                                       U. S. District Judge